# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**BRENDAN TAFF,**

    **Plaintiff,**

vs.                                           **Cause No.:_____**

**CASCADE MOUNTAIN TECHNOLOGIES, LLC,**
A Foreign Corporation Doing Business
In the State of New Mexico,

    **Defendant.**

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY RESULTING FROM DEFECTIVE PRODUCT

**COMES NOW**, Plaintiff BRENDAN TAFF (*hereinafter,* "BRENDAN TAFF" or "Plaintiff"), by his undersigned counsel, Rosales Law Group, P.C. (David Ray Rosales, Esq.) and for his *Complaint to Recover Damages for Personal Injury Resulting from Defective Product* against the named Defendant, states the following:

## THE PARTIES

1. That Plaintiff, BRENDAN TAFF, was at all times relevant and material hereto, a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2. That upon information and belief, Defendant, CASCADE MOUNTAIN TECHNOLOGIES, LLC, at all times relevant and material hereto, conducted business in the City of Albuquerque, County of Bernalillo, State of New Mexico.

3. Upon information and belief, Defendant CASCADE MOUNTAIN TECHNOLOGIES, LLC (*hereinafter,* "CASCADE MOUNTAIN"), is a Washington limited liability company with a principal place of business in Snoqualmie, WA.

## JURISDICTION AND VENUE

4. Upon information and belief, Defendant CASCADE MOUNTAIN had minimum contacts with New Mexico area because the Plaintiff purchased an item, a Portable Stadium Seat, from the named Defendant foreign corporation that sells and/or distributes its products in the State of New Mexico among other States.

5. Upon information and belief, Defendant CASCADE MOUNTAIN, is a Washington limited liability company with a principal place of business in Snoqualmie, WA. CASCADE and may be served with process by serving its Registered Agent, Lawrence F. Brown, Jr. at 4318 Preston Fall City Road SE, Fall City, WA 98024.

6. Upon information and belief, non-party COSTCO WHOLESALE CORPORATION (*hereafter*, "Costco") is a Washington corporation with a principal place of business in Issaquah, WA.

7. That all acts complained of herein occurred within the County of Bernalillo, State of New Mexico.

8. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331.

9. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28, U.S.C. §§ 1391 (b) and (c).

## THE FACTS OF LOSS

10. At all times mentioned herein, Defendant CASCADE MOUNTAIN designed and manufactured stadium seats for use by ultimate consumers.

11. On or about March 18, 2018, Plaintiff, BRENDAN TAFF, purchased from non-party COSTCO, a stadium seat manufactured by Defendant CASCADE MOUNTAIN for resale to ultimate consumers.

12. On or about April 26, 2019, the Plaintiff was using the Portable Stadium Seat manufactured by CASCADE MOUNTAIN.

13. Plaintiff was using the Portable Stadium Seat on stadium bleachers in Las Cruces, New Mexico while a spectator at his daughter's sports event. At said time, the seat broke without warning causing Plaintiff and his Portable Stadium Seat to fall from the stadium bleachers and sustain serious injuries. As a direct result of this malfunction of CASCADE MOUNTAIN's Stadium Seat, Plaintiff sustained serious personal injuries.

14. Immediately prior to the time Plaintiff sustained such injuries, Plaintiff was informed and believed in reliance thereon that the product, the CASCADE MOUNTAIN Stadium Seat, was then in the condition existing when Defendant CASCADE MOUNTAIN manufactured and placed it in COSTCO's store and in the same condition existing when COSTCO sold the product to Plaintiff.

15. Plaintiff is informed and believes, and in reliance thereon, alleges that the same condition of the product existed when COSTCO sold and delivered it to Plaintiff and the condition of the product remained unchanged when Plaintiff first removed it from the sealed packaging and sustained injuries while using it.

16. As a direct and proximate result of the failure of CASCADE MOUNTAIN's Stadium Seat, Plaintiff suffered severe permanent personal injuries, physical and mental pain and suffering, loss of earnings and impairment of earning capacity. In addition, Plaintiff sustained medical expenses and may incur such expenses in the future.

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCTS LIABILITY AGAINST DEFENDANT
### CASCADE MOUNTAIN

17. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 16 as if fully set forth herein.

18. Defendant CASCADE MOUNTAIN designed, manufactured, assembled, inspected, tested, distributed and sold the subject Stadium Seats so as to render the subject seats defective and unsafe for their intended use.

19. Defendant CASCADE MOUNTAIN's design, manufacturing, assembling, inspection, distribution and sale of the subject Stadium Seats caused the defective and unsafe condition as alleged herein.

20. When Plaintiff BRENDAN TAFF sustained injuries alleged above, the CASCADE MOUNTAIN Stadium Seat product was in a defective condition unreasonably dangerous to a user or consumer in that it was unfit, unsafe, not usable for the purpose for which it was intended, dangerous and defective in nature, design, and materials, defective in manufacture.

21. Such condition was not observable by Plaintiff who, lacking the technical knowledge and skill, required to examine or determine said defects described above, relied on the duty of Defendant to deliver the CASCADE MOUNTAIN Stadium Seat product at the time of sale in a condition fit for use for the purpose intended and in a safe and operable condition.

22. The breach of such duty by Defendant, and such defective condition of CASCADE MOUNTAIN's Stadium Seat product, was a proximate cause of injuries so sustained by Plaintiff.

### SECOND CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF FITNESS AND/OR MERCHANTABILITY BY DEFENDANTS CASCADE MOUNTAIN

23. Plaintiff incorporates and realleges paragraphs 1 through 22 as if fully set forth herein.

24. The CASCADE MOUNTAIN Stadium Seat manufactured by Defendant CASCADE MOUNTAIN and sold to Plaintiff was not of merchantable quality. Rather, it was unfit, unsafe, and not usable for the purpose for which it was intended. Such condition constituted breach of the Defendant CASCADE MOUNTAIN's implied warranty of merchantability and/or fitness that the CASCADE MOUNTAIN's Stadium Seat was fit for the purpose for which it was designed, and that it was a safe and suitable instrument to be used for seating in spectator events.

25. In purchasing and using CASCADE MOUNTAIN's Stadium Seat, Plaintiff relied on Defendant CASCADE MOUNTAIN's skill and judgment and the implied warranty of fitness for the purpose for which Plaintiff purchased the CASCADE MOUNTAIN Stadium Seat.

26. The CASCADE MOUNTAIN Stadium Seat was not fit for its intended purpose and, as a result of the Defendants' breach of the warranty of fitness of the CASCADE MOUNTAIN Stadium Seat, Plaintiff suffered severe injuries of the body and/or mind.

### THIRD CLAIM FOR RELIEF
### NEGLIGENCE OF
### DEFENDANT CASCADE MOUNTAIN

27. Plaintiff incorporates and realleges paragraphs 1 through 26 above as if fully set forth herein.

28. The Defendant CASCADE MOUNTAIN negligently designed and/or manufactured and/or inspected and/or marketed and/or sold the CASCADE MOUNTAIN Stadium Seat and negligently placed it in the channels of trade when it knew or with reasonable care should have known said seat to be dangerous and defective in nature, design and materials, and in a dangerous and/or defective condition, in a manner in which Defendant

CASCADE MOUNTAIN should reasonably have foreseen would come into use by persons such as the Plaintiff who are ignorant of the dangerous and defective condition and Defendants' negligence failed to use reasonable care to prevent such injury to such persons including the Plaintiff.

29. The Defendant CASCADE MOUNTAIN herein failed to warn Plaintiff and other consumers of the potential for sudden and catastrophic failure and or breakage of the seats before and after offering them for sale.

30. Defendants failed to provide instructions or warning as to the inherent safety risk in using the subject seats on high stadium bleachers both before and after offering the seats for sale.

31. Defendants were negligent in such other and further ways as may be discovered.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY AGAINST
## CASCADE MOUNTAIN

32. Plaintiff incorporates and realleges paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant CASCADE MOUNTAIN expressly warranted to the Plaintiff that its CASCADE MOUNTAIN Stadium Seat was safe, merchantable and fit for its intended purpose and use.

34. Plaintiff relied on said warranty made by Defendants and was injured as a direct and proximate result of the breach of express warranty by Defendants.

## JURY DEMAND

Plaintiff requests trial by Jury.

**PRAYER FOR RELIEF**

Plaintiff BRENDAN TAFF prays for judgment against the named Defendant in an amount to be proven at trial for all of his damages as follows:

a. For medical expenses incurred as a result of the negligence of Defendant;
b. For future medical expenses to be proven at the time of trial;
c. For past and present pain-and-suffering damages;
d. For future pain-and-suffering damages;
e. For damages for loss of quality of life;
f. For loss of consortium;
g. For permanent impairment;
h. For punitive damages;
i. For loss of society;
j. For out-of-pocket expenses and costs;
k. For property damage;
l. For lost wages;
m. For loss of earning capacity;
n. For costs and attorney's fees incurred in bringing this action, as allowed by law;
o. For pre-judgment interest and post-judgment interest; and
p. For such other and further relief as the Court deems just and proper.

**WHEREFORE** the Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant, in an amount to fairly compensate him for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under New Mexico law and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSALES LAW GROUP, P.C.

By:  */s/ David Ray Rosales*
     DAVID RAY ROSALES

7

*Attorneys for Plaintiff BRENDAN TAFF*
2017 Mountain Rd., NW,
Albuquerque, NM  87104
Telephone:	(505) 866-4529
Facsimile:	(505) 465-7025
Email		DavidRosales@MyNMLawyer.com